**William J. FORBES, Plaintiff-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Defendant-Appellee.**

**No. 28831**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 28, 1970.

William J. Forbes, pro se.

Arden Siegendorf, Harold Mendelow, Asst. Attys. Gen., Miami, Fla., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F. 2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

William J. Forbes was placed on probation after pleading guilty in a Florida court to two charges of breaking and entering. He was apprehended as a probation violator and sentenced on November 14, 1966, to concurrent five year terms. Near his mandatory release date under these sentences he sought and was denied habeas corpus relief in the court below. This appeal ensued. Before reaching the merits we must dispose of preliminary questions of mootness and timeliness of appeal.

■ As to the first, we conclude that Forbes has standing to maintain this appeal although he was released from the Florida State Prison to federal custody during the pendency of this appeal.[1] He is still subject to "disabilities or burdens" which may flow from the two state convictions and has therefore a surviving substantial stake in attacking the judgments of conviction even though the sentences thereunder have expired. Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. Forbes has two previous federal felony convictions on his record and is presently confined under a sentence for the last one. Possible *Carafas* "disabilities or burdens" exist, for one example, in the possibility of Forbes' state convictions being added to his federal convictions for enhancement purposes in an habitual criminal proceeding under Fla.Stat.Ann. 775.10, or a similar statute of another jurisdiction.

■ The question of the appeal being time-barred is the first point argued in the respondent-appellee's brief. Rule 59, F.R.Civ.P., requires motions for new trial to be served not later than ten days after the entry of judgment. The lower court's order denying the petition for habeas was entered August 12, 1969, and a "Request for Rehearing" was apparently untimely filed by the petitioner fifteen days thereafter, on August 27. Nevertheless this "Request" was considered and ruled upon on September 12, 1969, by the trial judge. This was an appealable order. The record file date of the Notice of Appeal is October 13, thirty-one days thereafter, in the face of Rule 4(a), F.R.A.P.'s thirty-day limitation. Reference to the calendar shows that October 11 and 12, 1969, fell on Saturday and Sunday. We take notice that the district court Clerk's Office was closed on both dates. The filing of the notice on Monday, October 13, was therefore timely.

The contentions on appeal are: (1) that the state trial court lacked jurisdiction to accept the guilty plea because Forbes was denied a speedy trial during the time spent serving a federal prison sentence; (2) that the state trial court lacked jurisdiction to revoke probation because neither a warrant nor an affidavit was filed charging violation of probation; (3) that the evidence was insufficient to support the state court's probation revocation order.

■ The United States District Court held that the appellant was denied no federally protected right in the probation revocation proceedings; and that he was precluded from raising the speedy trial issue because his voluntary plea of guilty waived that as well as other non-jurisdictional defects or errors, citing United States v. Doyle, 2 Cir. 1965, 348 F.2d 715, cert. denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84.

We have examined the state court records, including the transcripts of the probation revocation proceedings and of the arraignment at which the appellant pleaded guilty. In our considered opin-

---

1. On February 17, 1970.

ion, the record fully supports the district court's findings of fact and conclusions of law.

 Other contentions urged in the appellant's brief were not alleged below; therefore they are not properly before this Court on this appeal. Davis v. Beto, 5 Cir. 1966, 368 F.2d 999, cert. denied 386 U.S. 1040, 87 S.Ct. 1498, 18 L. Ed.2d 608.

The judgment of the district court is Affirmed.