447 F.2d 980
 George BROWN, Jr., Petitioner-Appellant,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections,
State of Florida, Respondent-Appellee.
No. 71-1987 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Sept. 10, 1971.
 
 George Brown, Jr., pro se.
 P. A. Pacyna, Asst. Atty. Gen., Lakeland, Fla., for respondent-appellee.
 Appeal from the United States District Court for the Middle District of Florida, Ben Krentzman, District Judge.
 Before COLEMAN, SIMPSON, and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Florida state prisoner for the writ of habeas corpus. We affirm.
 
 
 2
 In his habeas petition appellant attacked a conviction for a 'crime against nature' for which he was sentenced on November 1, 1963, to five years imprisonment. That sentence expired and he was released on August 10, 1967. Appellant is presently confined in the state penitentiary serving a life sentence for robbery imposed on November 29, 1967.
 
 
 3
 The record clearly shows that appellant, at the time he filed his petition, was not in custody under the sentence he was attacking. Appellant does not contend that there is a relationship between the present sentence and the sentence under attack. Therefore, there is no jurisdiction to attack the earlier sentence in the federal courts. 28 U.S.C. 2241; Diehl v. Wainwright, 5th Cir., 1970, 423 F.2d 1108; Cappetta v. Wainwright, 5th Cir., 1969, 406 F.2d 1238; United States ex rel. Collins v. Cady, E.D.Wisc., 1971, 322 F.Supp. 1168. Cf. Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554, and Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426.
 
 
 4
 Affirmed.