**Torance C. JACKSON, Petitioner-Appellant,**

v.

**STATE OF LOUISIANA et al., Respondents-Appellees.**

**No. 71-1957.**

United States Court of Appeals, Fifth Circuit.

Dec. 14, 1971.

---

7. Helvering v. Horst, 311 U.S. 112, 119, 61 S.Ct. 144, 85 L.Ed. 75 (1940).

8. *Baldwin-Lima-Hamilton, supra,* footnote 1, 435 F.2d p. 185.

**452**

Torance C. Jackson, pro se.

Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., for respondents-appellees.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Torance Jackson appeals from the denial of habeas corpus relief by the United States District Court for the Eastern District of Louisiana for failure to exhaust available state remedies. We affirm that court's denial of a certificate of probable cause to appeal, but for reasons quite different from those relied upon by the district court.

Jackson is a prisoner´ of the State of California. His original pleadings filed in March 1965 in the court below sought both habeas corpus relief and damages under the Civil Rights Act arising out of his 1947 conviction in a Louisiana state court for burglary, al-though he had completed service of the sentence fourteen years previously. After his petition had been pending in the district court for six years, Jackson voluntarily dismissed that portion of his pleadings which sought damages under the Civil Rights Act. Treating the remainder of the pleadings as a petition for federal habeas corpus, the district court dismissed the action because Jackson had failed to exhaust the remedies available to him within the state courts of Louisiana.

Jackson then filed a motion for a certificate of probable cause, which the district court denied. But the case was erroneously docketed in this Court upon receipt of Jackson's notice of appeal. In accordance with Rule 22(b), F.R.A.P., we treat Jackson's notice of appeal as a request to this Court for a certificate of probable cause, and for the reasons stated below, we find no basis for issuing one.

 Federal habeas corpus is not available to challenge the validity of a state conviction after the sentence has been completely served, unless the habeas petitioner sustains the burden of proving that he is under some form of restraint by virtue of the conviction. Brown v. Wainwright, 5 Cir.1971, 447 F.2d 980. In order to have standing to attack such a conviction the petitioner must show that he is presently suffering from harmful collateral consequences of the challenged conviction. Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. An allegation that the conviction was used in a subsequent criminal proceeding for enhancement of a sentence which the petitioner is serving at the time of filing the habeas action constitutes a sufficient collateral effect to maintain the action. See Forbes v. Wainwright, 5 Cir. 1970, 425 F.2d 724.

In the case before us, the district court found that Jackson "has allegedly been informed by the California authorities that if his 1947 Louisiana conviction were determined to be invalid, he

would then be eligible for parole on his California sentence." When the record on appeal arrived in this Court, it failed to reveal any such allegation by Jackson. The district court, however, has now disclosed to us letters and a telephone memorandum in its possession which show plainly that Jackson does allege that his parole is being forestalled by his prior Louisiana conviction. In accordance with F.R.A.P. 16(b), we directed that this important omission from the record be corrected by adding the crucial documents to the record on appeal. The omission having been corrected, Jackson does allege sufficient restraint flowing from his Louisiana conviction to satisfy this Court's holding in Brown v. Wainwright.

Nevertheless, we affirm the district court's decision to dismiss Jackson's petition. The lower court dismissed Jackson's petition because Jackson had failed to exhaust his Louisiana post-conviction remedies before attacking his Louisiana conviction in federal court. We have discovered no Louisiana case, however, in which a post-conviction attack on a conviction has been entertained after the person convicted has fully served his sentence. The "possibility of state relief [is] so uncertain as to make resort to state courts ineffective." Whippler v. Balkcom, 5 Cir. 1965, 342 F.2d 388, 390. Yet there is another, more crucial exhaustion problem at the heart of Jackson's case—his failure to exhaust *California* remedies before attacking his Louisiana conviction in federal court.

In Nelson v. George, 1970, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578, the petitioner attempted to attack a North Carolina conviction in a habeas corpus proceeding in United States District Court in California, where the petitioner was serving a California sentence. The petitioner alleged that his North Carolina conviction (and the detainer imposed upon him as a result of that conviction) "adversely affected the probability of his securing parole and the degree of security in which he was detained by [California] authorities." 399 U.S. at 229,

90 S.Ct. at 1966, 26 L.Ed.2d at 582. But the Supreme Court affirmed denial of the writ because the petitioner had never given California the opportunity to decide what effect, if any, it would give to the North Carolina detainer for purposes of the petitioner's custody. Noting that the Full Faith and Credit Clause does not require that sister States enforce a foreign penal judgment, the Supreme Court held that the petitioner had not exhausted his California remedies.

■ Petitioner Jackson also alleges that his Louisiana conviction adversely affects his chances of parole, but, like George, Jackson has not given California a chance to indicate whether it will in fact attach any significance to the Louisiana conviction when it evaluates Jackson's prospects for parole. Jackson's petition falls squarely within the exhaustion rule of Nelson v. George, and federal habeas relief cannot be granted at this stage in the proceedings.

We think it appropriate to note that a difficult procedural problem lurks just around the corner should Jackson exhaust his California state remedies. Jackson will have to decide whether he wishes to renew his collateral attack upon his Louisiana conviction in a United States District Court in Louisiana, or, instead, whether he prefers to recommence his collateral attack in a United States District Court in California. While it is clear that the California United States District Court for the district where Jackson is confined would have jurisdiction over Jackson's habeas petition, Nelson v. George, *supra*, it is by no means clear that the district court in Louisiana could entertain Jackson's petition. In Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898, the Supreme Court interpreted the language of 28 U.S.C. § 2241(a), which provides that writs of habeas corpus may be granted by district courts "within their respective jurisdictions". This language, the Supreme Court said, meant that only the district court for the dis-

trict in which the petitioner is detained or confined when the petition is filed may grant the writ of habeas corpus.

Since *Ahrens*, though, the Fourth Circuit has held in Word v. North Carolina, 4 Cir.1969, 406 F.2d 352, that *Ahrens* is no longer viable, and that in appropriate circumstances a district court may entertain a habeas petition in the sentencing jurisdiction even if the petitioner is not confined or detained there. Other circuits have continued to follow *Ahrens*. *E.g.* U. S. ex. rel. Van Scoten v. Pennsylvania, 3 Cir.1968, 404 F.2d 767. There is strong reason, then, to doubt whether *Ahrens* is still good law. The Supreme Court expressly reserved judgment on the question in Nelson v. George, 399 U.S. 228 n. 5, 90 S.Ct. 1963, 26 L.Ed.2d 582 n. 5. See Developments in the Law —Federal Habeas Corpus, 83 Harv.L. Rev. 1038, 1160–65 (1970).

Because of the importance and difficulty of the *Ahrens-Word* question, we believe Jackson would have every right to insist upon the appointment of counsel should he exhaust his California remedies and renew his petition in the district court in Louisiana. The record discloses that Judge Cassibry tried diligently to procure competent counsel for Jackson when he first filed his pleadings in Judge Cassibry's court. We are confident that Judge Cassibry will renew his efforts should Jackson's case return to his court in a more acceptable posture.

At the same time, we should be remiss in our duties if we did not caution Jackson that he may incur substantial jurisdictional difficulties if he resumes his attack on his Louisiana conviction in a district court in Louisiana. Collateral attack in the United States District Courts of California may be fraught with procedural problems of its own, but none which we anticipate involving the essential matter of the district court's jurisdiction to entertain the petition for the writ of habeas corpus.

The certificate of probable cause will be DENIED, with instructions to the clerk to supplement the record on appeal as indicated herein.

## APPENDIX TO THE OPINION OF THE COURT

It is ordered that the record on appeal in the above styled and numbered cause be supplemented by the addition of the two documents accompanying this order.

### TORRENCE JACKSON CASE

Mr. Jackson called. He said he was convicted of attempted robbery in California State Court. That the Judge, Hon. Burch Donahue, is waiting to find out if his previous Louisiana conviction is invalid, before he sentences Jackson.

If the La. conviction is invalid, then this Cal. matter wd. be Jackson's 1st offense, & he might get probation. However, if the La. conviction stands, the Cal. conviction wd. be his second offense, & he could get from 5 to life. Judge Donahue would like to hear from Judge Cassibry about this.

Names & Addresses:

1. Judge Burch Donahue
 Superior Ct. of Los Angeles, Calif.
 Department Southwest B
 850 Naple St.
 Torrance, California

2. Torrance Jackson
 4919 7th Avenue
 LA, Calif.
 phone 294–4914

June 3, 1970

Mr. Ernest Jones, Esq
2135 Second Street
New Orleans, Louisiana 70113

Re: CA 15423—Torance C. Jackson V. State of Louisiana, et al

Dear Mr. Jones:

The writer having had an in-chamber conference with the Honorable Burch Donahue, Judge of the Superior Court of the State of California, Department Southwest "B" in the City of Torrance, California at 850 Maple Street.

The subsequent result of that meeting is that the Judge has expressed a desire to know something further of the Louisiana Conviction or a projection of it's outcome. It is the pivatol point of a determination of whether I will be entitled to the benefits of Section 1203 of the California Penal Code, that govern Probation. He did indicate to me that if I could get this information or have the Court indicate through you or it's officers that I do have a standing with the court on the illegal prior conviction then he would be able to make some other consideration in the case.

The Charge is (211 P.C.) and I would be entitled to probation if the Louisiana conviction is vacated and set aside. I have complete faith in the results of the outcome of the case there, it is clear cut that I did not have the assistance of counsel in the Louisiana conviction. Therefore, I feel that the conviction will be set aside.

If you would discuss this situation over with the Judge there and if it is your judgement that I should follow up on this line of reasoning please inform me at the very earlist. And if the court should decide to correspond with Judge Donahue I would appreciate it. A reply is respectfully requested,

Sincerely yours

TORANCE C. JACKSON

cc: Fred Cassibry, Judge
Room 302—400 Royal Street
New Orleans, Louisiana

[The documents are reprinted without correction]