**William J. NOLL, Appellant,**

v.

**The PEOPLE OF the STATE OF NEBRASKA et al., Appellees.**

**No. 76–1079.**

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1976.

Decided June 17, 1976.

Michael J. Tavlin, Lincoln, Neb., for appellant.

Harold Mosher, Asst. Atty. Gen., Paul L. Douglas, Atty. Gen., Lincoln, Neb., for appellees.

Before BRIGHT and WEBSTER, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

William J. Noll appeals from the dismissal of his petition for a writ of habeas corpus. The case raises difficult jurisdictional problems concerning the availability of habeas corpus relief in the United States District Court for the District of Nebraska under 28 U.S.C. §§ 2241(a) and 2254. We affirm the denial of relief on jurisdictional grounds.

The posture of the case is unusual. Petitioner William J. Noll is currently serving two California state prison sentences. These California sentences were enhanced.

* TALBOT Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

by reliance upon petitioner's conviction on December 17, 1951, on a plea of guilty to attempting escape from the Nebraska State Penitentiary. The 1951 conviction resulted in a prison sentence of one year. Petitioner completely served this Nebraska sentence. Petitioner now asserts that the 1951 conviction is invalid because it was obtained in violation of his right to counsel.

The district court (Chief Judge Warren K. Urbom) dismissed the petition for failure to exhaust state remedies. The parties raised and briefed this issue on appeal. We conclude that we are without jurisdiction and therefore do not reach the exhaustion issue.

The jurisdictional question is very similar to that which arose in this court's decision in *Brown v. Arkansas,* 426 F.2d 677 (8th Cir.), *cert. denied,* 400 U.S. 966, 91 S.Ct. 377, 27 L.Ed.2d 386 (1970). There, petitioner Brown was confined in Texas pursuant to a Texas conviction. His Texas sentence had been enhanced by a prior Arkansas conviction, service of which had been completed. Petitioner attempted to attack his Arkansas conviction in Arkansas federal district court through federal habeas corpus. This court held that jurisdiction was lacking.

The majority decision, authored by Judge Heaney and concurred in by Judge Mehaffy, rested upon alternative grounds. First, the majority observed that petitioner was not physically present within the territorial jurisdiction of the Arkansas district court. Under this court's prior decision in *Booker v. Arkansas,* 380 F.2d 240, 242–43 (8th Cir. 1967), the presence of the petitioner was a jurisdictional prerequisite. However, the majority observed that the validity of that rule was called into serious question by an *en banc* decision of the Fourth Circuit in *Word v. North Carolina,* 406 F.2d 352 (4th Cir. 1969). In that case, the Fourth Circuit held that the requirement of § 2241(a) that the district courts grant writs of habeas corpus only "within their respective jurisdictions" required only that the district court have "personal jurisdiction of a proper custodian and the capacity, within its geographic boundaries, to enforce its orders * * *." 406 F.2d at 359..

While the majority in *Brown* stated that it was "generally persuaded by the reasoning in *Word*", it declined to expressly overrule *Booker.* The majority gave the following reasons for its decision:

> First, Brown [the petitioner] does not allege that he is in any way subject to present or future detention by Arkansas authorities. We, therefore, do not have personal jurisdiction here of a "proper custodian." Second, it would be difficult for us to require the alteration of the Texas sentence imposed upon Brown as a habitual offender. Third, *Word* specifically recognized that the appropriate forum in a situation as we have here would be the United States District Court of Texas * * *. [426 F.2d at 678.]

Judge Bright filed a concurring opinion in *Brown,* expressing his view that recent developments in the decisions of the Supreme Court demonstrated that the rule of *Booker* requiring physical presence of the petitioner could no longer be sustained. However, Judge Bright agreed with the majority that the essential requirement for habeas jurisdiction is personal jurisdiction over "one exercising some power of detention or control over the petitioner," and also concurred in the suggestion of the majority that the appropriate place for petitioner to seek relief was in the courts of Texas. 426 F.2d at 679–80.[1]

■ The doubts expressed by this court in *Brown* of the continued validity of the rule requiring physical presence of the petitioner were confirmed by the Supreme Court in *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). There an Alabama

1. The opinion expressed by all members of the *Brown* court that reliance of the Texas court upon the Arkansas conviction, standing alone, did not subject Texas officials to personal jurisdiction in Arkansas was in accord with the Fourth Circuit's *en banc* opinion in *Word v. North Carolina, supra,* 406 F.2d at 357. *See also Jackson v. Louisiana,* 452 F.2d 451, 454 (5th Cir. 1971).

prisoner was under indictment in Kentucky. Although Kentucky filed a detainer against the prisoner in Alabama, it had taken no steps to have the prisoner brought to Kentucky for trial on the Kentucky indictment. The Supreme Court held that the fact that the petitioner was not physically present in Kentucky was not fatal to habeas jurisdiction. After some discussion, the Court concluded that

> [t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.
>
> \*   \*   \*   \*   \*   \*
>
> So long as the custodian can be reached by service of process [2] the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction. [410 U.S. at 494–95, 93 S.Ct. at 1129.]

At oral argument, counsel for petitioner was invited to submit a supplemental brief discussing the jurisdictional issue. Such supplemental brief has not been filed.

Our own research indicates that the language of some Fifth Circuit decisions offers support for sustaining the jurisdiction of the Nebraska District Court. In *Craig v. Beto,* 458 F.2d 1131 (5th Cir. 1972), a Texas petitioner filed a habeas corpus petition in the federal district court in Texas, alleging that his Texas sentence had been improperly enhanced by an illegal Oklahoma conviction. The Fifth Circuit held that jurisdiction in Texas was proper, and that Texas bore the burden of defending the Oklahoma conviction. Jurisdiction in Texas there corresponds to jurisdiction in California in the present case. However, in dicta, the court made the following statement:

> Of course, Craig [petitioner] might have brought collateral proceedings in Oklahoma. Although federal habeas corpus is not available to challenge the validity of a state conviction after the sentence has been completely served, the action can be maintained upon an allegation that the conviction was used in a subsequent criminal proceeding for enhancement of a sentence which petitioner is serving at the time of filing the habeas action. [458 F.2d at 1134.]

This statement by the Fifth Circuit was based upon language appearing in its prior *per curiam* decision in *Jackson v. Louisiana,* 452 F.2d 451, 452 (5th Cir. 1971). In *Jackson,* a California petitioner filed a habeas corpus proceeding in the federal district court in Louisiana, alleging that his California sentence had been enhanced by an illegal Louisiana sentence. The Fifth Circuit dismissed the petition, holding that prior to attacking the Louisiana conviction in Louisiana federal district court, the petitioner was required to exhaust his *California* state remedies.[3]

The *Jackson* dicta relied upon *Forbes v. Wainwright,* 425 F.2d 724 (5th Cir. 1970), which in turn relied upon *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). *Forbes* and *Carafas* seem inapposite. In each case, the habeas petition was filed while the petitioner was still in actual physical custody although he was released pending appeal. The holding of the courts was that the jurisdictional requirement of custody had been satisfied at

---

2. This language must not be taken beyond its logical extreme. The nationwide service of process upon federal officials authorized by 28 U.S.C. § 1391(e) has not subjected them to habeas proceedings anywhere in the country, regardless of contacts with the court's territorial jurisdiction. *Compare Strait v. Laird,* 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972), *with Schlanger v. Seamans,* 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971).

3. *Id.* at 453. We note that nothing on this record indicates that petitioner Noll has exhausted his California state remedies, if any. However, that issue has not been discussed by the parties and is not raised on this appeal. We also observe that petitioner here has not exhausted his Nebraska remedies. The federal district court, whose understanding of state law is entitled to great weight in this court, held that a post-conviction challenge to the 1951 conviction likely would be entertained by the Nebraska state courts.

the time the petition was filed and that the collateral consequences of the challenged conviction were sufficient to give the petitioner continued standing and to preclude a finding of mootness even though actual custody had terminated.

As our prior discussion indicates, a habeas corpus action is in its essence directed against the custodian of a petitioner. It is certainly true that in recent years the concept of "custody" has been significantly expanded. However, we do not understand how it can be reasonably said that Nebraska's custody of the petitioner, which was terminated upon completion of the one-year sentence for the 1951 conviction, was re-established some 20 years later by the reliance of the California court upon that conviction to enhance petitioner's California sentence. Since Nebraska in no manner acts as Noll's custodian, federal habeas corpus jurisdiction does not lie in the United States District Court for the District of Nebraska.

Affirmed.