LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

---

21527

John H. BURNS, Appellant, v. STATE of South Carolina, Respondent.

(281 S. E. (2d) 110)

*Asst. Appellate Defender Tara D. Shurling,* of S. C. Commission of Appellate Defense, Columbia *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen., William K. Moore* and *State Atty. Larry L. Vanderbilt,* Columbia, *for respondent.*

July 28, 1981.

*Per Curiam:*

Appellant was convicted of possession of unlawful drugs with the intent to distribute and was sentenced to three (3)

years' imprisonment. He now appeals the dismissal and denial, after a hearing, of his application for post-conviction relief. Appellant alleges error in the post-conviction judge's findings of effective assistance of counsel and waiver of the right of appeal. Trial counsel's failure to comply with S. C. Code § 17-3-10 (1980 Cum. Supp.) and Rule 5, *Defense of Indigents Act,* S. C. Code Vol. 22 (1980 Cum. Supp.) is argued as resulting in denial of appellant's right of appeal.

It is our opinion the finding of appellant's nonindigency by the post-conviction judge is supported by some evidence in the record as required by *Davis v. State,* 274 S. C. 549, 265 S. E. (2d) 679 (1980). Given this finding, we hold appellant's arguments under § 17-3-10 and the Defense of Indigents Act are unavailing. Although Rule 5, § 1 refers to "retained . . . counsel," its meaning must be determined within the context of the Act as a whole and the purpose of providing for the defense of indigents charged with a crime. We construe the language as referring to counsel retained by a defendant determined indigent following trial, as in the process outlined by Rule 3 of the Act. Extension of Rule 5 to encompass any case where counsel is retained and the defendant is not indigent would go beyond the intent of the Act.

We hold counsel had no duty under the Defense of Indigents Act to perfect appellant's appeal. In addition we find appellant's conduct, inconsistent with the intent to appeal and accompanied by his knowledge of that right, constitutes waiver. *Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938) ; 24 S. J. S. *Criminal Law* § 1688 (1961).

Accordingly, we affirm the post-conviction judge's findings of effective assistance of counsel and waiver by appellant of the right of appeal.