**Early Lee HARRIS, Appellant,**

v.

**Gil INGRAM, Warden, Federal Correctional Institute, Butner, North Carolina and J. Marshall Coleman, Attorney General of Virginia, Appellees.**

No. 81–6293.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 9, 1981.

Decided July 13, 1982.

Rehearing Denied Aug. 20, 1982.

Richard A. Simpson, Chicago, Ill. (Schiff, Hardin & Waite, Chicago, Ill., on brief), for appellant.

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., Richmond, Va., on brief), for appellees.

Before WIDENER, ERVIN and CHAPMAN, Circuit Judges.

WIDENER, Circuit Judge:

Early Lee Harris was convicted of possession of burglary tools in a Virginia court on May 19, 1978. He was sentenced to a term of 12 months in jail, and was unconditionally released on December 20, 1978. Harris apparently chose to bypass a direct appeal of his Virginia conviction and instead filed a State habeas corpus petition, he says, in June 1978. No disposition of that petition was made before Harris was released from jail, and the habeas petition was dismissed on the alternate grounds of mootness and being without merit.

Harris filed a federal habeas petition in the Eastern District of Virginia on December 10, 1979. At that time, he was incarcer-

ated in the Federal Correctional Institution at Butner, North Carolina, serving a federal sentence for bank robbery. We are not told in what district the crime was committed or what district court sentenced him. Harris alleged that his Virginia conviction violated his fourteenth amendment right to due process in that the State failed to prove the elements of the crime and that he was denied his sixth amendment right to effective assistance of counsel.

Harris' petition was filed on a form used for motions under 28 U.S.C. § 2255. He subsequently sought to amend the motion to have it considered under 28 U.S.C. § 2254. The district court properly treated the petition as one under § 2254 and dismissed it for lack of jurisdiction because Harris was not in the custody of Virginia. We affirm.

■ The federal habeas corpus statute requires that a petitioner be in custody when his application is filed. *Carafas v. La Vallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). Title 28, section 2254(a) of the U.S.Code states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The same custody requirement is stated in 28 U.S.C. § 2241(c). Although the custody requirement of the statute has been held to have been met by conditions falling short of actual, present confinement in a series of cases, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (parolee remains in custody); *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (prisoner may use habeas corpus to challenge consecutive sentence not yet being served); *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (petitioner released on personal re-

cognizance while awaiting commencement of sentence meets custody requirement), the custody requirement has not been eliminated. *Carafas v. La Vallee* at 238, 88 S.Ct. at 1559. The Court in *Hensley* has given us the definition of custody within the meaning of the habeas statutes when it said that the purpose of the custody requirement was "to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley* at 351, 93 S.Ct. at 1574.

Virginia in no way acts as the custodian of Harris. Any effect the Virginia conviction might have on his present custody is due to federal law. *See Hanson v. Circuit Court of First Judicial Circuit of Illinois*, 591 F.2d 404 (7th Cir.), *cert. denied* 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979). In almost identical factual situations with the one at hand,[1] both the Seventh Circuit in *Hanson* and the Eighth Circuit in *Noll v. Nebraska*, 537 F.2d 967 (8th Cir. 1976), have held that a federal district court in one State has no jurisdiction to hear a habeas corpus petition challenging a prior State conviction in that State, the sentence for which has been fully served, when the petitioner is imprisoned in another State on an unrelated charge. The effect given the prior conviction in the State with present custody does not re-establish the first State's custody over the prisoner. *Noll* at 970.

■ We agree with the analysis in *Noll* and *Hanson*. The United States District Court for the Eastern District of Virginia has no jurisdiction over petitioner's § 2254 petition because Harris is not in the custody of Virginia.[2]

While it may even be true, as Harris argues, that his Virginia conviction enhanced the federal sentence that he is currently serving and that the conviction affects his eligibility for parole, this, however, is a challenge to federal custody, which may only be made, if at all, in an appropriate proceeding such as one under 28 U.S.C. § 2255. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592

---

1. In *Hanson* the conviction sought to be set aside was punished only by fine.

2. But see, e.g., *Jackson v. Louisiana*, 452 F.2d 451, 452 (5th Cir. 1971).

(1972); *Nelson v. George*, 399 U.S. 224, 228, n. 5, 90 S.Ct. 1963, 1966, n. 5, 26 L.Ed.2d 578 (1970); *Strader v. Troy*, 571 F.2d 1263 (4th Cir. 1978).[3]

The judgment of the district court is accordingly

AFFIRMED.

---

**3.** We express no opinion as to the possible merits of a § 2255 or similar proceeding filed in the appropriate court.