John Henry BURNS, Petitioner,

v.

STATE OF SOUTH CAROLINA and the Attorney General of the State of South Carolina, Daniel R. McLeod, Respondents.

Civ. A. No. 82–1431–1.

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 14, 1982.

John Henry Burns, pro se.

Daniel R. McLeod, Atty. Gen., William K. Moore, Asst. Atty. Gen., Larry L. Vanderbilt, State's Atty., Columbia, S.C., for respondents.

## ORDER

HAWKINS, District Judge.

This *pro se* habeas corpus petition is before the court on the report and recommendation of the United States Magistrate, made in accordance with 28 U.S.C. § 636(b) and incorporated herein by reference. The petitioner has objected to the Magistrate's recommendation, and this court is charged with making a *de novo* determination of any portion of the Magistrate's recommendation to which specific objection is made. Further, it may accept, reject or modify, in whole or in part, the recommendation made by the Magistrate, or recommit the matter to the Magistrate with instructions.

This petitioner was convicted of possession of unlawful drugs with intent to distribute on November 27, 1979, after a trial by jury at which he was represented by retained counsel, in the Court of General Sessions for Charleston County, South Carolina. He was sentenced to confinement for a period of three (3) years by the Honorable Marion Kinon, Circuit Judge. No appeal was taken. The petitioner filed for post-conviction relief in the state court alleging ineffective assistance of counsel and denial of his right to appeal. After a full evidentiary hearing, the Honorable C. Victor Pyle, Jr., denied the petitioner's application for post-conviction relief. This denial was appealed to the South Carolina Supreme Court, which affirmed the lower court's order in *Burns v. State,* S.C., 281 S.E.2d 110 (1981).

The petitioner was unconditionally released to a detainer for parole violation from Pennsylvania in October 1981. He is presently confined at Rockview Correctional Institution in Pennsylvania; a recommitment based on parole violations. The petitioner is not on parole from his South Carolina sentence, and South Carolina has no detainer on him.

The petitioner has filed for habeas corpus relief with this court under 28 U.S.C. § 2254, seeking to have the South Carolina conviction set aside on the grounds that he was denied effective assistance of counsel;

that he was denied his right to appeal, and that unconstitutionally-obtained evidence was used against him.

The Magistrate recommends dismissal of this matter based on lack of jurisdiction and failure to exhaust South Carolina state remedies. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).[1]

Based on the briefs of the parties, the application of law, and the analysis of the Magistrate, this court concludes that it has no jurisdiction in this matter and, therefore, does not reach the exhaustion requirement.

Habeas corpus relief may be granted to a state prisoner only if he is "in custody" when his application is filed. 28 U.S.C. § 2241(c). Although the custody requirement has been interpreted liberally, it has not been eliminated. This court has no doubt that the petitioner is "in custody." Furthermore, it is clear that he is "in custody pursuant to the judgments of a State court" within the meaning of 28 U.S.C. § 2254. However, the judgment under which he is in custody is a Pennsylvania judgment, not a South Carolina judgment.

Thus, his custodian, the proper party respondent in a habeas corpus action, is Pennsylvania, not South Carolina.[2]

In the recent case of *Harris v. Ingram,* 683 F.2d 97 (4th Cir.1982), the Fourth Circuit considered the effect of the "in custody" requirement on the petition of an individual who is attacking a prior state convic-

---

1. In his habeas petition, the prisoner for the first time alleges that use of evidence arising out of an unconstitutional arrest, search and seizure invalidates his conviction. If a petition contains both exhausted and non-exhausted claims, the district court must dismiss the entire petition. *Rose v. Lundy,* —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In South Carolina, a petitioner must raise all claims in the original post-conviction petition. But the court may grant a subsequent petition if it finds "sufficient reason" for the failure to raise the ground. *S.C. Code* § 17–27–90 (1976). Accordingly, the petitioner has not exhausted all state court remedies if he fails to raise all claims in a prior post-conviction petition because the state courts have discretion to grant subsequent petitions.

In *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that prisoners could not collaterally attack a state conviction on the ground that illegal evidence was admitted at trial where the "State has provided an opportunity for full and fair litigation of a Fourth Amendment claim." 428 U.S. at 494, 96 S.Ct. at 3052. The district court's first inquiry is whether existing state court procedure afforded petitioner the opportunity to raise the claim. This court notes that South Carolina has appellate and post-conviction procedures that would have allowed plaintiff to raise this claim. ˙Although petitioner argues that he lost his right to raise his claim in state court due to ineffective assistance of counsel in failing to appeal, this issue has been decided adversely to petition in state post-conviction relief proceedings where the South Carolina Supreme Court ruled that petitioner knowingly waived his right to appeal. *Burns v. State of South Carolina,* S.C., 281 S.E.2d 110 (1981). Further, it would seem that petitioner again had the opportunity to present this Fourth Amendment claim in his post-conviction relief hearing, and the record reveals that he did not do so. In *White v. State,* 263 S.C. 110, 208 S.E.2d 35 (1974), the South Carolina Supreme Court indicated that the foreclosure rule (failure to raise the claim at trial or on direct appeal constitutes waiver of the right to raise the claim in post-conviction relief proceedings) did not apply to claims not raised at trial and on appeal because of ineffective assistance of counsel. The record reveals that petitioner did not attempt to seize this opportunity; thus, petitioner might be barred from raising his Fourth Amendment claim regardless of exhaustion of state remedies.

Additionally, the Pennsylvania federal court could rule that petitioner must exhaust his Pennsylvania state court remedies instead of, or in addition to, his South Carolina state court remedies. *Craig v. Beto,* 458 F.2d 1131 (5th Cir.1972), albeit a pre-*Rose* case, lends support for the proposition that only the Pennsylvania state remedies should be exhausted in this case. Since any decision by the Pennsylvania district court would leave standing the conviction in South Carolina, as far as South Carolina is concerned, it might not be necessary for petitioner to show that he has exhausted the post-conviction remedy that might be available in South Carolina. The district court's decision would only relate to the use of the conviction in a Pennsylvania court; therefore, it would only be necessary that the Pennsylvania state remedies be exhausted.

2. "The writ of habeas corpus does not act on the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–1130, 35 L.Ed.2d 443 (1973).

tion, the sentence for which had been fully served, when the petitioner is imprisoned in another state on unrelated federal charges. *Harris* held that the effect given the prior conviction in a state with present custody does not re-establish the first state's custody over the prisoner. Harris had argued that his prior Virginia conviction had enhanced the federal sentence he was presently serving and would affect his eligibility for parole. The Fourth Circuit responded that while that may be true, it was still a challenge to federal custody and such a challenge could only be made under 28 U.S.C. § 2255. *Id.*

In the present case, petitioner Burns' recommitment as a parole violator in Pennsylvania is apparently due, at least in part, to his South Carolina conviction. That factual difference does not sway this court from the Fourth Circuit's position in *Harris.*

The case of *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), where the Court permitted a petitioner imprisoned in Alabama to attack, in a federal district court in Kentucky, a detainer lodged against him by Kentucky, can readily be distinguished. There, the Court held that the petitioner was in the custody of Kentucky officials:

> Since the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty concluding that petitioner is "in custody" for purposes of 28 U.S.C. § 2241(c)(3). On the facts of this case, we need not decide whether, if no detainer had been issued against him, petitioner would be sufficiently "in custody" to attack the Kentucky indictment by an action in habeas corpus.

*Braden,* 410 U.S. at 489 n. 4, 93 S.Ct. at 1126 n. 4. In the present case, Pennsylvania in no sense can be deemed the agent of South Carolina. Pennsylvania's prison system is petitioner's proper custodian. This court has neither "personal jurisdiction of a proper custodian" nor "the capacity, within its geographical boundaries, to enforce its orders [against a Pennsylvania custodian]

. . . ." *Word v. North Carolina,* 406 F.2d 352, 359 (4th Cir.1969).

Unlike the state of Kentucky in *Braden,* South Carolina has no interest in the present or future confinement of the petitioner. South Carolina has obtained its conviction and extracted its punishment. *See Hanson v. Circuit Court of First Judicial Circuit,* 591 F.2d 404, 409 (7 Cir.1979). Although the South Carolina conviction apparently is the cause (at least in part) of petitioner's recommitment (see letter attached to petitioner's exceptions to the Magistrate's report), that is not the result of any South Carolina law. The adverse consequences that the conviction may have on petitioner are due only to the force which Pennsylvania by its laws chooses to give to the conviction. *Id.*

The Pennsylvania federal district court is the proper forum in which to bring this petition after petitioner has exhausted all state remedies.

Although this court is aware of the practical problems in producing in Pennsylvania records of events that occurred in South Carolina, it would seem that Pennsylvania should bear this burden, if necessary, in support of the validity of petitioner's 1979 conviction, because it has recommitted, and is presently confining, petitioner (at least in part) on the theory that the South Carolina conviction was valid.

Thus, this court adopts the report of the Magistrate recommending dismissal of the lawsuit (although reordering the priority of the grounds for dismissal) and orders that this petition be dismissed.

AND IT IS SO ORDERED.