**Troy E. MARKS, Petitioner-Appellant,**

v.

**John D. REES and Linley Pearson, Attorney General of Indiana, Respondents-Appellees.**

No. 82–1994.

United States Court of Appeals, Seventh Circuit.

Argued June 8, 1983.

Decided Aug. 24, 1983.

---

**3.** The parties agree that Illinois substantive law is applicable in this action.

David Youngerman, Chicago, Ill., for petitioner-appellant.

David L. Steiner, Indianapolis, Ind., for respondents-appellees.

Before PELL and FLAUM, Circuit Judges, and GRANT, Senior District Judge.[*]

PELL, Circuit Judge.

Petitioner Troy E. Marks appeals from the district court's denial of his petition for a writ of habeas corpus. The court held that the petitioner was not "in custody" within the meaning of 28 U.S.C. § 2254 and had not exhausted his state post-conviction remedies. The issue before us is whether Marks may be deemed in the custody of Indiana officials because of Kentucky's use of his prior Indiana conviction, even though Marks is in the actual custody of Kentucky officials and has fully served his Indiana sentence.

* Robert A. Grant, Senior District Judge for the
Northern District of Indiana, sitting by designa-

## I. FACTS

On September 12, 1974, Marks was convicted in the Criminal Court of Marion County, Indiana, on charges of uttering a forged instrument and was sentenced to a term of two to fourteen years in prison. He received a final discharge from the Indiana Department of Corrections on October 17, 1975. On September 20, 1979, the petitioner was convicted in Kentucky of two counts of felony theft. Kentucky's Persistent Felony Offender Statute, Ky.Rev.Stat. § 532.080(3), allows a jury to enhance the sentence of an offender who has been convicted of two prior felonies. The state introduced evidence of three prior felonies, one of which was the challenged Indiana conviction. The jury increased the petitioner's sentence to a total of eighteen years.

On August 27, 1981, the petitioner filed a habeas petition in the United States District Court for the Western District of Kentucky. On September 15, 1981, the court transferred the case to the Southern District of Indiana. The petition alleged that the Indiana conviction was unconstitutional because Marks had been required to appear at trial in jail clothing; there was an improper pretrial identification; and there was pretrial publicity that made a fair trial impossible.

On May 11, 1982, the district court denied the petition, holding that there was no positive, demonstrable relationship between the prior conviction and the prisoner's present incarceration and hence that the petitioner was not "in custody" for purposes of the habeas statute. In addition, the court held that dismissal of the petition was required because Marks failed to exhaust his state remedies as to one of his three claims. This appeal followed.

## II. DISCUSSION

Several cases have considered whether a federal district court in one state has jurisdiction.

diction to hear a habeas petition challenging a prior state conviction in that state, the sentence for which was fully served, when the petitioner is imprisoned in another state which used the prior conviction to enhance the sentence imposed.

In *Hanson v. Circuit Court,* 591 F.2d 404 (7th Cir.1979), *cert. denied,* 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed.2d 143, we considered exactly this issue. The petitioner was convicted in Illinois of a state weapons offense and was fined $150, which he paid. Subsequently, he was convicted in California of a different state offense. While imprisoned in California, he filed a habeas petition in federal district court in Illinois challenging the Illinois conviction. *Id.* at 405.

We held that, even assuming that the Illinois conviction would result in a delayed release on parole in California, *id.* at 408 n. 9, jurisdiction over the petition properly was in California, not Illinois, *id.* at 408–09. We held that Illinois had no interest in Hanson's present or future confinement because the state fulfilled its interest in the petitioner when it convicted and fined him. Furthermore, we held that the possible delay in release was not due to Illinois law and that California could not be deemed the agent of Illinois for purposes of custody. "The adverse consequences that the conviction may have on petitioner are due only to the force which California by its laws chooses to give to the conviction." *Id.* at 409.

The Eighth Circuit earlier reached the same conclusion in *Noll v. Nebraska,* 537 F.2d 967 (8th Cir.1976) (per curiam). There, the petitioner was convicted of escape in Nebraska and served his full one-year term. Subsequently, he was convicted in California on other state charges and his sentences on those convictions were enhanced by reliance on the Nebraska conviction. Although he was in physical custody in California, he brought a petition in federal district court in Nebraska to challenge the validity of the escape conviction.

The Eighth Circuit held that jurisdiction was properly in California because Nebraska in no manner acted as the petitioner's custodian.

[W]e do not understand how it can be reasonably said that Nebraska's custody of the petitioner, which was terminated upon completion of the one-year sentence for the 1951 conviction, was re-established some 20 years later by the reliance of the California court upon that conviction to enhance petitioner's California sentence.

*Id.* at 970.

Finally, the Fourth Circuit has held that such a petition must be brought in the state with actual custody over the petitioner. *Harris v. Ingram,* 683 F.2d 97 (4th Cir.1982). There, the petitioner was convicted of a crime in Virginia and fully served his sentence. He then was convicted in North Carolina of a federal crime and his sentence was enhanced because of the earlier conviction.

Relying upon *Hanson* and *Noll,* the Fourth Circuit panel held that the district court had no jurisdiction over the petition challenging the Virginia conviction. The court held that federal law, not Virginia law, was responsible for the enhancement of the sentence based on the earlier Virginia conviction. "The effect given the prior conviction in the State with present custody does not re-establish the first State's custody over the prisoner." *Id.* at 98.[1]

We recognize that it might seem a waste of judicial resources to require that a district court in Kentucky determine the legality of an Indiana conviction. Nevertheless, as we noted in *Hanson v. Circuit Court,* 591 F.2d at 412, this result is required by the "in custody" requirement of 28 U.S.C. § 2254, a requirement that is jurisdictional.

It might also seem to be an undue burden on the petitioner to require him to produce

---

**1.** A district court in the Fourth Circuit has relied on *Harris* to extend its holding to cover subsequent state (rather than federal, as *Harris* was) convictions. *Burns v. South Carolina,* 552 F.Supp. 421 (D.S.C.1982). The court said that

"[t]he adverse consequences that the [South Carolina] conviction may have on petitioner are due only to the force which Pennsylvania by its laws chooses to give to the conviction." *Id.* at 424.

evidence of what transpired at the 1974 Indiana trial when he is incarcerated in Kentucky. Kentucky, however, should bear the burden of producing the evidence of what happened because Kentucky successfully sought to enhance the petitioner's sentence on the theory that the Indiana conviction was valid. *See Brown v. United States,* 483 F.2d 116, 121 (4th Cir.1973) (in recidivist cases, "the prosecution must ... prove other constitutionally valid convictions"); *Burns v. South Carolina,* 552 F.Supp. 421, 424 (D.S.C.1982) (Pennsylvania should bear burden of producing evidence of what occurred at South Carolina trial because it confined petitioner on theory that South Carolina conviction was valid).

## CONCLUSION

Accordingly, the judgment is vacated and we remand the case to the district court with instructions to transfer it back to the United States District Court for the Western District of Kentucky. The costs of this appeal shall be borne by the respective parties.