791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARL MILES BUCHANAN, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF MICHIGAN; SECRETARY OF MICHIGAN
CORRECTION COMMISSION; GENE A. SCROGGY,
Respondents-Appellees.
 85-1164
 United States Court of Appeals, Sixth Circuit.
 4/15/86
 
 AFFIRMED
 W.D.Mich.
 ORDER
 BEFORE: LIVELY, Chief Judge, MERRITT and JONES, Circuit Judges.
 
 
 1
 Petitioner appeals the order dismissing his habeas corpus petition brought under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument in not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner is a Kentucky prisoner convicted in 1981 and serving a twenty year sentence for receiving stolen property and being a persistent felony offender. Petitioner filed this habeas corpus petition on September 4, 1984, in the Western District of Michigan challenging the constitutionality of prior Michigan assault and robbery convictions that were the basis of his Kentucky persistent felony offender conviction. Petitioner had fully served the Michigan sentences. The district court dismissed the petition for lack of jurisdiction on the grounds that petitioner could not challenge the prior Michigan convictions in a Michigan federal court when he was presently incarcerated in Kentucky on a Kentucky conviction. We affirm.
 
 
 3
 28 U.S.C. Sec. 2254(a) requires that a habeas corpus petitioner be in custody under a state court judgment when the habeas corpus petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). Petitioner is incarcerated under a 1981 Kentucky conviction. The Michigan sentences have expired and petitioner is not in the custody of Michigan officials. When the petitioner challenges a sentence that has already been served and is in custody of another state serving a sentence imposed by that state, he is not 'in custody' of the first state for purposes of bringing a habeas corpus action. Ward v. Knoblock, 738 F.2d 134 (6th Cir. 1984) cert. denied, ---- U.S. ----, 105 S. Ct. 970 (1985); Marks v. Rees, 715 F.2d 372 (7th Cir. 1983); Harris v. Ingram, 683 F.2d 97 (4th Cir. 1982); Noll v. Nebraska, 537 F.2d 967 (8th Cir. 1976). The fact that petitioner's Kentucky persistent felony offender conviction was based in part on the Michigan convictions does not satisfy the 'in custody' requirement necessary to challenge the Michigan convictions in a Michigan federal court. See Ward v. Knoblock, supra, Marks v. Rees; supra; Harris v. Ingram, supra. The persistent felony offender conviction was a Kentucky conviction, and the effect of the Michigan conviction was a matter of Kentucky law. See Ward v. Knoblock, supra; Marks v. Rees; supra; Harris v. Ingram, supra. Petitioner cannot challenge his Michigan conviction in the Michigan federal court since he is not in the custody of Michigan officials under a Michigan sentence. Petitioner can raise his claims in a challenge to his Kentucky convictions. See Ward v. Knoblock, supra.
 
 
 4
 Accordingly, it is ORDERED that the district court's judgment in affirmed. Sixth Circuit Rule 9(d)(3).