928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold J. SOUTHERS, Petitioner-Appellant,
v.
STATE OF OHIO, Respondent-Appellee.
 No. 90-3664.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1991.
 
 S.D.Ohio, No. 88-00286; Carl B. Rubin, J.
 
 S.D.Ohio
 
 1
 AFFIRMED AS MODIFIED.
 
 
 2
 Before MILBURN and BOGGS, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 3
 Arnold J. Southers, a pro se Tennessee prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In 1965, Southers was convicted by a jury in an Ohio court of breaking and entering and was sentenced to an indeterminate term of one to fifteen years imprisonment. The Ohio Court of Appeals affirmed his conviction. Petitioner was released from his 1965 sentence in 1974. Later, in 1983, Southers was convicted in Tennessee of third degree burglary, safe cracking and grand larceny. Each sentence was enhanced to life imprisonment under Tennessee's habitual offender statute. The 1965 Ohio conviction was one of the convictions used to enhance the 1983 sentences.
 
 
 5
 Thereafter, Southers filed his habeas petition in Ohio challenging his 1965 conviction. He alleged: 1) ineffective assistance of counsel at his preliminary hearing; and 2) improper jury instructions. The magistrate recommended that the petition be dismissed, finding that the court lacked jurisdiction because Southers was not presently "in custody" on the 1965 conviction. The district court adopted the magistrate's recommendation over Southers's objections.
 
 
 6
 On appeal, Southers argues that he has met the "in custody" requirement because he is still being prejudiced by the 1965 conviction because it was improperly used to enhance his 1983 sentences.
 
 
 7
 Upon review, we affirm the district court's judgment. In Maleng v. Cook, 490 U.S. 488 (1989) (per curiam), the court held that the collateral consequences of a conviction, for which the sentence is fully served, cannot render a petitioner "in custody" pursuant to that conviction, even though the conviction was used to enhance the petitioner's present sentence. Thus, the district court was without jurisdiction to entertain an attack on Southers's 1965 conviction. However, the dismissal is without prejudice to Southers's right to refile the action attacking his 1983 convictions based upon the argument that they were improperly enhanced by the 1965 conviction. See Taylor v. Armontrout, 877 F.2d 726 (8th Cir.1989) (per curiam). The petition must be filed in Tennessee as that is the state with actual custody over Southers. See Marks v. Rees, 715 F.2d 372 (7th Cir.1983).
 
 
 8
 Accordingly, the district court's judgment, as herein modified, is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior District Judge for the Eastern District of Michigan, sitting by designation