946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Daniel WHISENANT, Petitioner-Appellant,
v.
Ottie ADKINS, Sheriff of Cabell County, West Virginia,
Respondent-Appellee.
 No. 90-6619.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 25, 1991.
Decided Oct. 7, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. John T. Copenhaver, Jr., District Judge. (CA-89-423-3)
 Daniel Whisenant, appellant pro se.
 John L. Cummings, Office of the Prosecuting Attorney, Huntington, W.Va., for appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before PHILLIPS and WILKINS, Circuit Judges, CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Daniel Whisenant, a West Virginia prisoner, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction for destruction of property. The district court dismissed the petition for lack of jurisdiction. We grant a certificate of probable cause to appeal, vacate the district court's order, and remand for further proceedings.
 
 
 2
 On January 11, 1989, Whisenant was tried on the destruction of property charge and sentenced to 10 days in jail. He was also bound over for trial on several felony charges after a probable cause hearing on the same day; he was convicted of three of those felony charges in July 1989. Whisenant was also convicted of another felony charge in April 1989 and was sentenced to one to ten years in prison. He has been incarcerated continuously since at least January 11, 1989.
 
 
 3
 The respondent asserted that Whisenant's sentence on the destruction of property charge had already been served, so the challenge to the conviction was moot. Specifically, the respondent contended that because Whisenant was convicted and sentenced on January 11, he must have served his 10-day sentence by January 22, well before the court received the habeas petition on April 4, 1989. However, the respondent did not submit any documentation to show that the sentence had indeed been served.
 
 
 4
 The magistrate judge recommended that summary judgment be granted in favor of the respondent. He stated that Whisenant did not allege that he requested a stay of his sentence, and that his appeal was rejected by the state supreme court on March 28, 1989, so that the sentence must have been served by the time the petition was received by the court (April 4) or by the time it was filed (April 19).
 
 
 5
 Whisenant filed objections to the magistrate's report. He claimed that he had indeed sought and received a stay of the sentence on January 19, and that he had not received notification that the stay had been removed or that the appeal bond had been revoked. Further, he was (and is) still incarcerated. Therefore, he claimed that the conviction was still open to attack on habeas. The district court adopted the magistrate judge's recommendation and dismissed the petition for lack of jurisdiction. Whisenant appealed.
 
 
 6
 Federal courts have jurisdiction over habeas petitions only if the petitioner is "in custody." 28 U.S.C. § 2254(a). The petitioner need only be in custody at the time the petition is filed; the custody requirement is not defeated by the petitioner's subsequent release during the pendency of the petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). If the state sentence has expired prior to filing of the petition, then the court does not have jurisdiction. Maleng v. Cook, 490 U.S. 488 (1989); Harris v. Ingram, 683 F.2d 97 (4th Cir.1982).
 
 
 7
 We hold that the district court erred in dismissing the petition. At the time of his conviction on the destruction of property charge, Whisenant was also bound over for trial on several felony charges. Further, he contended that the execution of the 10-day sentence was stayed pending appeal, and he was never notified of the termination of that stay. If the stay was dissolved upon the state supreme court's affirmance of his conviction, then he would have started serving his sentence on March 28 or 29, and he was still serving that sentence when the district court received his habeas petition on April 4.[1] Under Carafas, then, the court would have had jurisdiction over the petition. Further, although the district court specifically directed the respondent to reveal whether the sentence was discharged, including the beginning and ending dates on which Whisenant served the sentence, the respondent failed to do so. Rather, the respondent merely surmised that the sentence was likely served within 10 days of the conviction, a conclusion not supported by any documentation. Therefore, there is no evidence that Whisenant has actually served the sentence.
 
 
 8
 We vacate the order dismissing the petition for lack of jurisdiction and remand for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not significantly aid the decisional process.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 [1]
 Under West Virginia law, a stay of execution may be granted by the court "for a reasonable time to enable [the defendant] to prepare and present bills of exceptions and to secure a transcript ... and until a reasonable time beyond the first day of the next term of the supreme court of appeals." W.Va.Code § 62-7-1. Further, if the defendant cannot post bail but the sentence is stayed pending appeal, he may be confined in a place of confinement near the place of trial. W.Va.R. 38. Therefore, it is possible that the sentence was stayed even though Whisenant remained in the Cabell County Jail pending appeal
 
 
 [2]
 We express no opinion about the merits of the petition