**Ramon Servin HUANTE, Plaintiff-Appellee,**

v.

**Walter S. CRAVEN, Warden, California State Prison at Folsom, Defendant-Appellant.**

**No. 74-1041.**

United States Court of Appeals, Ninth Circuit.

July 15, 1974.

Charles R. B. Kirk (argued), Deputy Atty. Gen., San Francisco, Cal., for defendant-appellant.

Lee Newfield (argued), San Jose, Cal., for plaintiff-appellee.

Before WRIGHT and CHOY, Circuit Judges, and PALMIERI,* District Judge.

OPINION

PER CURIAM:

The question presented by this appeal is simply this: Does the district court have jurisdiction to entertain a petition for habeas corpus when the petitioner had been released on parole in California

* Of the Southern District of New York.

on condition that he report to the Immigration Service for deportation and had in fact been delivered to federal officials at the time his petition was filed? We hold that it does not and we remand for dismissal of the petition.

The appeal was taken by the warden of the California state prison at Folsom from an order refusing to dismiss the habeas corpus petition brought under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. § 1292(b).

It is petitioner's position that he was in the custody of the California authorities when his petition for habeas corpus relief was filed in the district court.[1] Although a Mexican citizen, Huante lived as a permanent resident in the United States from 1957 to 1971. In 1964 he was convicted on two counts of receiving stolen property and was placed on probation. His probation was revoked in 1967 after he was convicted of possession of narcotics and he was ordered to serve both sentences concurrently. Petitioner challenges both convictions in this habeas corpus proceeding.[2]

In 1969, on the basis of the narcotics conviction, he was ordered deported by federal authorities. He was granted a parole in 1970 on condition that he report to the Immigration and Naturalization Service for deportation. This condition he refused to accept, and the offer of parole was later rescinded. On January 19, 1971, Huante was granted another parole on the same condition and this he accepted, the parole to begin on May 10, 1971.

On May 7, 1971 Huante delivered his *pro se* petition to the prison authorities for mailing to the district court. It was received by the district court on May 13, 1971, and then stamped with a file stamp. It was formally filed *in forma pauperis* on September 23, 1971, and a show cause order was issued to the defendant. Huante had been delivered to the immigration authorities on May 10 and was deported on May 15, 1971.

The district court found that it had jurisdiction because Huante was on parole in California on May 13.[3] The court concluded that the additional restraints placed on Huante by virtue of his parole status were sufficient to make the California authorities his custodian for purposes of federal habeas corpus.

The state argues that Huante left its custody when he was delivered to the Immigration Service three days before the petition was filed, and therefore the court has no jurisdiction.

Petitioner argues that he was on parole in California until May 15, and that he remains on parole so far as the California authorities are concerned because of the additional restraints he must suffer should he reenter the United States. He argues that certainly on May 13, 1971 he was on parole in California and was therefore in the custody of the California authorities within the meaning of 28 U.S.C. § 2241.

For the district court to acquire subject matter jurisdiction over a habeas corpus proceeding petitioner must be in custody at the time his peti-

---

1. Since petitioner was on parole, the proper defendant would appear not to be the warden of the prison where he was incarcerated before parole was granted. As it would be fruitless to remand in order to name the proper California authority as defendant, we assume *arguendo* that Huante has named the correct defendant.

2. Huante exhausted his state court remedies in February, 1971.

3. One of petitioner's arguments was that his petition should be taken as constructively filed on May 7, 1971, because of the delay of the prison authorities in mailing the petition to the district court.

The defendant argued that the petition should be deemed filed on September 23, 1971, when it was formally filed *in forma pauperis* and an order to show cause was issued.

The district court found that the September filing operated *nunc pro tunc* to validate the May 13th filing. We assume *arguendo* that the district court's decision on this point is correct. We find no bad faith on the part of the prison authorities and we reject petitioner's argument that the petition should be treated as being filed on May 7.

tion is filed. 28 U.S.C. §§ 2241(c)(3), 2254(a). The purpose of the custody requirement is to restrict habeas corpus relief to those severe cases where normal remedies are inadequate. Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Although it is not necessary for the petitioner to be physically present within the district, the court must have jurisdiction of the petitioner's custodian. Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

■ We agree that Huante was still, theoretically, on parole in California on May 13, 1971. However, after he was delivered to the federal immigration authorities on May 10, the ties between Huante and the California authorities became so attenuated that we must conclude that they were insufficient to support a finding of custodianship.

Petitioner cites several cases which have considerably expanded the concept of custody. They do not reach the situation before us.

In Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), the court found that one on parole is in custody for habeas corpus purposes. There, however, the state parole authorities had not surrendered the petitioner to federal authorities for deportation. In *Braden*, the court found custody through an agency relationship based specifically on a detainer lodged by Kentucky authorities against a defendant incarcerated in Alabama. 410 U.S. at 489 n.4, 93 S.Ct. 1123. There was no detainer or other condition attached to Huante's delivery

to federal officials. Both the state and Huante had agreed to deportation as a condition of parole.[4]

The issue in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), was whether petitioner's case had been mooted because he had been released from custody while awaiting appeal. The petitioner was unquestionably in custody at the time his petition was filed.

Finally, in Hensley v. Municipal Court, *supra*, the court found that a petitioner who had been released on his own recognizance was in custody for habeas corpus purposes. He was, however, subject to significant state controls which California would have been unable to exercise over Huante because it had voluntarily released him to the custody of the Immigration Service.

In all of these cases the named custodian clearly had the power to exercise significant control over the petitioner at the time of filing. In Huante's case, although he was still, theoretically, on parole in California on May 13, 1971, he was not subject to sufficient state control to be in the custody of California authorities. Assuming *arguendo* that Huante would be permitted to name the proper defendant, we conclude that he was not in the custody of the California authorities when his petition was filed, and therefore the district court has no jurisdiction to entertain these proceedings.

The decision of the district court is reversed, and the case is remanded to the district court with instructions to dismiss the petition.

---

4. We note that petitioner is not arguing, and in fact cannot argue, that he was improperly deported because he was on parole. 8 U.S.
C. § 1252(h) expressly permits immigration officials to deport a parolee.