**Andrew OWENS, Appellant,**

v.

**Harold J. CARDWELL, Warden, Attorney General, State of Arizona, Appellees.**

**No. 79–2566.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1980.

Decided Sept. 22, 1980.

Atmore Baggot, Phoenix, Ariz., for appellant.

Jessica L. Gifford, Asst. Atty. Gen., Phoenix, Ariz. (argued), William J. Schafer, III, Asst. Atty. Gen., Phoenix, Ariz., on brief, for appellees.

Before WRIGHT, GOODWIN and WALLACE, Circuit Judges.

PER CURIAM.

The issue in this appeal by a state prisoner is whether the district court erred in denying his petition for 28 U.S.C. § 2254 relief. Owens sought an evidentiary hearing to determine the constitutional validity of a 1948 conviction which he alleged had been used to enhance his prison sentence in violation of *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Our examination of the record satisfies us that there was no need for an evidentiary hearing in the district court.

Owens is serving a 21 to 25 year sentence for kidnapping with intent to rape. After exhausting his Arizona state court appeals from his kidnapping conviction, Owens applied for post-conviction relief in Arizona state court. Because the sentencing judge had retired when Owens brought his post-conviction claim, another Arizona judge was

assigned. Owens asserted, among other things, that the Arizona judge who sentenced him had improperly considered a 1948 murder conviction obtained when Owens was not represented by counsel. The new judge, the Honorable C. Kimball Rose, conducted an evidentiary hearing, reviewed the record of the trial and sentencing, and received memoranda from the parties. Judge Rose determined that the sentencing judge had been aware of the Louisiana conviction, and that no inquiry had been made concerning its constitutional validity. But he denied Owens' petition upon finding that the trial judge would have imposed the same sentence even if he had known that the 1948 conviction was unconstitutional.[1]

When Owens sought habeas corpus in federal district court, the court reviewed the record of Owens' trial and sentencing, the findings and conclusions of Judge Rose, and briefs submitted by the parties. The district judge dismissed Owens' petition.[2]

*Farrow v. United States*, 580 F.2d 1339 (9th Cir. 1978), notes that three factors are required to establish *Tucker* error: "(1) a prior conviction rendered invalid by *Gideon*; (2) the sentencing judge's mistaken belief that the prior conviction was valid; and (3) enhancement of the defendant's sentence because of it." 580 F.2d at 1345.

■ Judge Rose found that the sentencing judge did not use Owens' 1948 conviction to enhance his sentence. The district court was bound to accept that finding if (1) Judge Rose had provided a full and fair hearing on the factual issue and (2) the record of the hearing fairly supported that finding. *Stone v. Cardwell*, 620 F.2d 212 (9th Cir. 1980), *see* 28 U.S.C. § 2254(d).

Owens does not contend that he did not receive a full and fair hearing on the issue of enhancement. To the extent that he challenges the state court hearing on that issue itself, he argues only that Judge Rose should have inquired into the constitutional validity of the Louisiana conviction or resentenced him without regard to it. Owens relies on *Farrow* for this assertion, but that reliance is misplaced.

Owens received no less a hearing from Judge Rose upon his state post-conviction petition than *Farrow* requires of federal courts presented with § 2255 *Tucker* motions.[3] Under *Farrow*, if the district court finds that the prisoner's sentence would not have been different even if the sentencing judge had treated a challenged prior conviction as invalid, the district court need not hold a hearing to determine the constitutional validity of the prior conviction nor order a resentencing. 580 F.2d at 1345–46. Owens has failed to raise any meritorious challenge to the adequacy of the hearing he received from Judge Rose. The record reveals no fault with the hearing.

■ The principal issue remaining is whether the record supports Judge Rose's conclusion that the original sentence would not have been different even if the sentencing judge had treated the prior conviction as invalid under *Gideon*. It does.

The record which was before Judge Rose showed that the sentencing judge was concerned with the reliability and relevance of the 1948 Louisiana conviction. He barred use of the conviction at trial. The sentencing judge was aware that the trial judge who sentenced Owens in 1948 later became governor and commuted Owens' sentence before he had served five years of a life term. At the sentencing hearing following Owens' 1973 conviction, Owens' attorney put him on the stand and explored the

---

**1.** Judge Rose made a finding that there is no reasonable probability that the Louisiana conviction was used as the basis for the sentence imposed or that it was used as enhancement resulting in the sentence imposed.

**2.** The district court mistakenly stated that Owens had received the minimum sentence allowed by statute. The statute allowed a minimum of 20 years, and Owens received 21 to 25. The error is immaterial because the real question is whether the sentencing judge would

have sentenced Owens differently if he had known the 1948 conviction was one that would be found defective under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

**3.** We do not reach the question whether a lesser standard for review under these circumstances is appropriate under § 2254 because clearly the case meets the standards set by *Farrow* pursuant to § 2255.

details of the 1948 case and the commutation. Owens testified that the governor came to the penitentiary and told him there had been mistakes and that others may have been responsible for the murder. The record before Judge Rose also showed that Owens was convicted of robbery in 1967.[4] At the sentencing hearing, attorneys for both parties examined Owens regarding the 1967 conviction.

The record before Judge Rose shows that the sentencing judge was aware of infirmities in the 1948 conviction. Nothing in the record indicates that he gave it any weight whatsoever in imposing sentence. Other sentencing factors were properly before him. He could take them into account. The record fairly supports the finding that the 1948 conviction was not used to enhance Owens' sentence.

We, therefore, find that the district court was not required to conduct an evidentiary hearing to review Owens' sentence. It properly held that no *Tucker* error occurred.

Other alleged errors do not require discussion.

Affirmed.

---

4. Though Owens claims that use of the 1967 conviction also violated *Tucker*, he never raised the claim in the state proceeding or before the district court. Moreover, the record specifically contradicts his assertion that he was not represented by counsel at the time of the 1967 conviction.