James S. GANO, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 82–5058.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1982.

Decided May 10, 1983.

Mark E. Kalmansohn, Asst. U.S. Atty., Los Angeles, Cal., for respondent-appellee.

Mark O. Heaney, Heaney, James & Hearn, Los Angeles, Cal., for petitioner-appellant.

Before SNEED, SKOPIL, and BOO-CHEVER, Circuit Judges.

SKOPIL, Circuit Judge:

Appellant Gano pleaded guilty to four counts of bank robbery. United States District Judge Ferguson sentenced him to concurrent terms of fifteen years imprisonment on each count. Gano moved to set aside or correct the sentence pursuant to 28 U.S.C. § 2255. He contended that Judge Ferguson at sentencing relied upon a presentence report that referred to prior uncounseled convictions and allegedly erroneous information. Gano later filed a supplemental motion in which he contended that a statement by Judge Ferguson at arraignment had coerced him to plead guilty.

Before Gano filed his section 2255 motion Judge Ferguson was appointed to the Ninth Circuit and left the district court. Accordingly, the case was assigned to United States District Judge Pfaelzer. The motion was then sent to a magistrate for an evidentiary hearing. The magistrate recommended that Gano's claims be denied. The recommendation was adopted by Judge Pfaelzer. Gano contends on appeal that (1) his section 2255 motion should have been referred to the original sentencing judge, and (2) his guilty pleas were coerced.

## DISCUSSION

(1) Should Gano's section 2255 motion have been presented to Judge Ferguson?

Ordinarily section 2255 motions should be presented to the original sentencing judge because "the original sentencing judge has unique knowledge of how much weight was given to the allegedly invalid priors in passing sentence." *Farrow v. United States,* 580 F.2d 1339, 1349–50 (9th Cir.1978). Rule 4(a) of the Rules Governing Section 2255 Proceedings provides, however, that:

> "If the appropriate judge is unavailable to consider the motion, it shall be presented to another judge of the district court in accordance with the procedure of the court for the assignment of its business."

The question here is whether Judge Ferguson became "unavailable," within the meaning of the rule, upon his appointment to the Ninth Circuit Court of Appeals.

The plain meaning of Rule 4(a) is that a judge is unavailable when he or she is no longer on the district court. Any other interpretation would render Rule 4(a) meaningless. While it might have been possible for Judge Ferguson to be specially appointed to hear Gano's motion, we find this an unnecessary requirement under section 2255. Accordingly, we hold that Judge Ferguson was unavailable to hear Gano's section 2255 motion.

(2) Were Gano's guilty pleas coerced?

At arraignment Judge Ferguson suggested that Gano would be found guilty of at least two of the twenty-two counts. Gano later claimed that Judge Ferguson's remark rendered the pleas involuntary. Judge Pfaelzer, adopting the magistrate's findings, concluded that Gano's pleas were the result of a calculated decision to avoid conviction on all counts.

The findings of the district court cannot be set aside unless clearly erroneous. *Steinsvik v. Vinzant,* 640 F.2d 949, 951 (9th Cir.1981). The court found that any emotional effect from the remark was attenuated by the passage of 5 weeks between ar-

raignment and plea. Further, Gano testified that he understood that the jury would make the ultimate determination of guilt or innocence. Finally, Gano consented to transfer the indictment to the Central District of California in order to enter a plea before Judge Ferguson. This decision was made after Judge Ferguson's remark and negates Gano's claim of coercion. The record amply supports the finding that Gano's pleas were voluntary.

The district court is AFFIRMED.

BOOCHEVER, Circuit Judge, dissenting:

I respectfully dissent from that part of the majority's decision finding Judge Ferguson "unavailable" to consider Gano's section 2255 motion solely because he has been appointed to the court of appeals. Section 291 of the Judicial Code provides that the chief judge of a circuit may temporarily assign a circuit judge to the district court when it is "in the public interest." 28 U.S.C. § 291(c) (Supp. V 1981). The present case is one in which the "public interest" may well outweigh any inconvenience in having Judge Ferguson consider the motion.

Rule 4(a) of the Rules Governing Section 2255 Proceedings and the Advisory Committee Note thereto clearly indicate that section 2255 motions were intended to be presented to the sentencing judge. Cases addressing motions to reconsider sentences limit remand to a different judge for cases involving " 'unusual circumstances,' " *United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir.1979) (Fed.R.Crim.P. 35 motion) (quoting *United States v. Robin,* 553 F.2d 8, 10 (2d Cir.1977) (en banc)). We have held that such circumstances include when the sentencing judge is no longer a judge, *see, e.g., Owens v. Cardwell,* 628 F.2d 546 (9th Cir. 1980) (per curiam), or when remand to a different judge is necessary to "preserve the appearance of justice." *United States v. Wolfson,* 634 F.2d 1217, 1222 (9th Cir. 1980).

In *Farrow v. United States,* 580 F.2d 1339 (9th Cir.1978), this court addressed, en banc, the policy considerations favoring referral of section 2255 motions to the sentencing judge. There, as in the present case, sound judicial administration recommended such a result.

> [T]here may be a significant cost-saving advantage in allowing the same judge to hear § 2255 motions under normal circumstances. Having presided over the trial, ... the trial judge is in a unique position to exercise that discretion generally involved in sentencing.... In most cases, for a new judge to achieve a familiarity with the case comparable to that of the original judge would require wasteful delay and duplicated effort.

*Farrow,* 580 F.2d at 1350.

*Farrow* indicates that for the defendant in this case to succeed on his section 2255 motion, he would be required to establish, first, that the prior convictions were invalid because of lack of counsel; second, that the sentencing judge was under a mistaken belief that the convictions were valid and; third, that the defendant's sentence was enhanced as a result of the prior convictions. *Farrow,* 580 F.2d at 1345. The magistrate in this case found that the first two elements of Gano's claim were established. Thus, the third element was of primary importance to the success of the motion. Judge Ferguson has unique knowledge as to how much weight he gave to the invalid prior convictions in sentencing Gano. A new judge without this information may be inclined to leave the original sentence untouched, having no basis upon which to resentence. *See Farrow,* 580 F.2d at 1350.

Finally, I believe it highly likely that the original sentencing judge, to prevent any possibility of injustice, would welcome the opportunity to address any question of whether errors occurred in sentencing the defendant. These policy considerations are more important than the distinction between sitting as a district court or appellate court judge.

It was error not to refer Gano's section 2255 motion to the Chief Judge for the purpose of determining whether it would be in the public interest to assign Judge Fer-

guson to the district court to consider Gano's section 2255 motion.[1]

---

**1.** I recognize that circumstances may make it inadvisable for the chief judge to order such a temporary assignment, but in my opinion it was error not to refer the matter to him.