**Harold ST. JOHN, Petitioner,**

v.

**Willis H. SARGENT—Warden, Respondent.**

**No. C-83-0483 EFL.**

United States District Court, N.D. California.

Aug. 22, 1983.

Harold St. John, in pro per.

**ORDER**

LYNCH, District Judge.

Petitioner seeks a writ of habeas corpus to invalidate a 1968 conviction in Monterey County (California) Superior Court. Petitioner has been discharged from the California sentence since 1979. He alleges that the California conviction was used to enhance a more recent conviction in Arkansas. At the time of filing this habeas action, petitioner was confined in an Arkansas prison, where he remains.

Petitioner challenges the validity of the California conviction on the grounds that he was denied counsel, subjected to unnecessary delay, provided with ineffective assistance of counsel, and denied effective appeal at various stages in the proceedings. He also apparently challenges the use of the

California prior to enhance his Arkansas sentence.[1]

The principal issue confronting this Court is whether a California conviction, used to enhance a recent Arkansas sentence, may be challenged in the Northern District of California after the date of petitioner's complete discharge from the California sentence. This Court concludes that it does not have jurisdiction to hear such a challenge and dismisses the petition.

I. *Jurisdiction*

██ In order for this Court to have subject matter jurisdiction over this proceeding, the petitioner must be "in custody pursuant to the judgments of a state court." 28 U.S.C. §§ 2241(c)(3) and 2254(a); *Carafas v. La Vallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968); *Huante v. Craven,* 500 F.2d 1004, 1005–06 (9th Cir. 1974). Petitioner clearly is "in custody" in the State of Arkansas and could therefore establish 28 U.S.C. § 2254(a) jurisdiction over a challenge to his present sentence in a district court of that State. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Owens v. Cardwell,* 628 F.2d 546 (9th Cir.1980) (per curiam). A state cannot disregard the constitutional infirmities of the prior convictions it seeks to use in determining the length of sentence. *Craig v. Beto,* 458 F.2d 1131, 1133 (5th Cir.1972) (citing *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)).

This Court, however, does not have jurisdiction over a challenge to the present sentence. Were this Court to take jurisdiction over petitioner's challenge, then a Northern District of California Court would be adjudicating a dispute between an Arkansas prisoner and his Arkansas jailors over the length of a sentence imposed by an Arkansas court.

Having established that petitioner is not "in custody" in this jurisdiction for the purposes of a habeas corpus challenge to his Arkansas sentence, it remains to determine whether he is "in custody" under his discharged prior California conviction. This Court is aware of *dicta* in the Fifth Circuit suggesting that another state's enhancement use of a discharged prior conviction reestablishes custody in the district of the prior conviction. *Craig v. Beto, supra,* 458 F.2d 1131, 1134 (5th Cir.1972); *Jackson v. Louisiana,* 452 F.2d 451, 453–54 (5th Cir. 1971) (per curiam). However, an Eighth Circuit case, *Noll v. Nebraska,* 537 F.2d 967 (8th Cir.1976), provides a compelling argument for dismissing the present petition for lack of jurisdiction. Under circumstances very similar to those of the present petition, the Eighth Circuit held that once a sentence has been completed, custody is terminated and another state's enhancement use of the conviction does not reestablish custody in the district of the prior conviction. *Id.* at 970. The reasoning of the *Noll* decision has been echoed in other circuits recently. *See Harris v. Ingram,* 683 F.2d 97, 98 (4th Cir. 1982); *Hanson v. Circuit Court of First Circuit,* 591 F.2d 404, 407–09 (7th Cir.), *cert. denied,* 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979); *see also Burns v. South Carolina,* 552 F.Supp. 421, 423–24 (D.S.C. 1982).

The Ninth Circuit has not directly reached the interstate enhancement use issue presented here. In *Tisnado v. United States,* 547 F.2d 452, 459 (9th Cir.1976), however, the Ninth Circuit vacated the denial of a petition challenging two discharged Arizona convictions allegedly used to enhance a federal sentence on the ground that the district court lacked jurisdiction to reach the merits. The Court in *Tisnado* apparently adopted the view that whether custody exists or not depends on whether the convicting state has the continuing po-

---

1. On page 5 of his *pro se* petition, petitioner states: "I could obtain the relief sought to 'void' the use of this prior for enhancements on my present sentence or vacate the judgment in this case." He further states on the same page: "I would request and [sic] order to 'void' the use of this conviction to enhance my present term." Under *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) this Court is obliged to interpret the petition broadly to locate potentially meritorious claims expressed therein. Further, petitioner has named the Warden of his place of confinement in Arkansas as a party defendant.

tential to hold or restrain the petitioner under the judgment in question.[2]

 The writ of habeas corpus acts upon the custodian, not the prisoner. *Braden v. 30th Judicial Circuit,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 1129–30, 35 L.Ed.2d 443 (1973). Under the present facts, the State of California cannot be considered the custodian of petitioner since there is no scenario under which the State could restrain or reincarcerate petitioner pursuant to the discharged prior conviction.

For the reasons expressed above, this Court concludes that it does not have jurisdiction over this matter. The appropriate forum for a challenge to reliance upon the allegedly invalid California conviction is in Arkansas.

## II. *Exhaustion*

Finally, it is apparent that even if this Court were to find jurisdiction, it would have to dismiss the petition for failure to exhaust state court remedies. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Although petitioner has made several unsuccessful attempts to have his prior convictions overturned within the State Courts of California, the issues presented here have never been raised. Petitioner states that he based his direct appeal on other grounds. A motion before the Superior Court and a petition for writ of mandate before the Court of Appeal sought only trial transcripts and grand jury proceedings, according to petitioner. Finally, a petition for writ of habeas corpus was denied by the Supreme Court of California on procedural grounds. Presumably petitioner would not be barred from filing a new state habeas corpus petition which would meet

procedural requirements. *In re Swain,* 34 Cal.2d 300, 304, 209 P.2d 793, 796 (1949).

In dismissing this petition, this Court leaves petitioner with at least two options, should he decide to pursue the matter further. He could cure the procedural defects observed by the State Supreme Court, and renew his habeas corpus petition within the state courts of California, or he could exhaust his remedies in the State of Arkansas and, if necessary, petition the federal district court in Arkansas for a writ of habeas corpus to challenge his present sentence.

Petition dismissed.

IT IS SO ORDERED.

---

**2.** The *Tisnado* opinion cites two cases in lieu of expressing a rationale for concluding that the district court lacked jurisdiction. In *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) the ultimate possibility of incarceration meant that a petitioner released on his own recognizance had "in custody" status. By contrast, in *Huante v. Craven, supra,* 500 F.2d 1004 (9th Cir.1974), a state's surrender of a parolee to immigration authorities ended custody status. Finally, this Court notes

that if Arkansas were both giving effect to a California detainer and using the underlying conviction to enhance sentence or deny parole, then custody would be established in California for jurisdictional purposes. See *Nelson v. George,* 399 U.S. 224, 229–30, 90 S.Ct. 1963, 1966–67, 26 L.Ed.2d 578 (1969). The detainer, like the possibility of a prison sentence in *Hensley,* demonstrates the state's ability to restrain the petitioner under the challenged judgment.