947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack POSTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-15664.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.*
Decided Nov. 5, 1991.
 
 Before FLETCHER, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Poster appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Poster contends that he received ineffective assistance of counsel at trial. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 To demonstrate ineffective assistance, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 4
 Poster's contention that he received ineffective assistance of counsel is meritless because he has not shown that his counsel's conduct falls outside "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Poster alleges that his attorney's performance was deficient because the attorney (1) did not follow Poster's instructions, (2) lied to Poster about his defense, and (3) failed to present certain documentary evidence and call certain allegedly exculpatory witnesses at trial.
 
 
 5
 These allegations are not supported by the record. The district court held an evidentiary hearing on Poster's claims at which Poster, his attorney, and several other witnesses testified. A review of the transcript reveals that Poster's attorney made reasoned tactical decisions about which witnesses to call and what evidence to present. Poster's disagreement with his attorney's decisions cannot form the basis of an ineffective assistance of counsel claim. See id.; Guam, 741 F.2d at 1169. Moreover, to the extent that Poster's testimony at the hearing conflicted with his attorney's testimony, we accept the district court's credibility determinations. See Anderson v. Bessemer City, 470 U.S. 564, 574-75 (1985) (appellate courts must give deference to trial judge's credibility determinations); Gano v. United States, 705 F.2d 1136, 1137 (9th Cir.1983) (when reviewing a decision on a section 2255 motion, this court accepts the district court's findings of fact unless they are clearly erroneous).
 
 
 6
 Accordingly, the district court properly denied Poster's section 2255 motion.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Poster also contends that the district judge "had a preconceived decision already made that I was guilty and that nothing I was going to say or present [at the hearing] was going to change his mind." This contention is meritless; there is nothing in the record that suggests that the district judge had any extrajudicial bias. See Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987) (party must show extrajudicial bias or prejudice when seeking disqualification of district judge)