24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Delano JONES, Defendant-Appellant.
 No. 93-56030.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.*
Decided April 14, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delano Jones, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence imposed following his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Jones contends that he received ineffective assistance of counsel because his attorney failed to (1) review the presentence report (PSR) with Jones, (2) renew a motion to sever Jones's trial from the trial of his codefendants, (3) argue that Jones should not be sentenced under the United States Sentencing Guidelines, and (4) argue that Jones's base offense level was too high. Jones also contends that a different district court judge should have heard his Sec. 2255 motion.[1] We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 We review de novo the district court's denial of a Sec. 2255 motion and its determination that a defendant was not deprived of his Sixth Amendment right to counsel. Frazer v. United States, No. 92-55193, slip op. 2501, 2505 (9th Cir. Mar. 10, 1994). To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, the defendant must show that there is "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 4
 First, Jones contends that his attorney provided ineffective assistance because he failed to review the PSR with Jones. In his Sec. 2255 motion, Jones claimed that counsel's failure to show him the PSR "sever[e]ly prejudiced Jones' ability to challenge factual inaccuracies contained in [the] report." Specifically, Jones referred to the PSR's statement that he distributed over 500 grams of cocaine base, and its recommendation of a base offense level 36 pursuant to U.S.S.G. Sec. 2D1.1(c)(4).
 
 
 5
 At the sentencing hearing, defense counsel argued that the government had proved Jones's involvement with only 400 to 499 grams of cocaine, which would result in a base offense level of 24. The district court noted that the probation officer did not have access to the trial transcript when preparing the PSR. Relying on the evidence presented at trial, the district court attributed five to fifteen kilograms of cocaine to Jones and set his base offense level at 32.
 
 
 6
 Because counsel addressed the alleged inaccuracy in the PSR when he argued that the evidence warranted only a base offense level 24, Jones has not established that counsel's alleged failure to show him the PSR prejudiced his defense. See Strickland, 466 U.S. at 694. Accordingly, the district court did not err by denying this ineffective assistance claim.
 
 
 7
 Second, Jones contends that he received ineffective assistance of counsel because his attorney did not renew the motion to sever his trial at the close of all trial evidence, and as a result, this court refused to review the issue of severance on direct appeal.
 
 
 8
 In its order denying Jones's Sec. 2255 motion, the district court found that Jones "presents no evidence that his joinder with codefendants was so prejudicial that it outweighed the dominant concern with judicial economy." See United States v. Plache, 913 F.2d 1375, 1378 (9th Cir.1990) (defendant must show prejudice from joint trial). Jones argues that he was not mentioned in connection with any of the overt acts charged in the conspiracy count; nonetheless, evidence relating to his codefendants' overt acts was admitted at trial. He refers specifically to evidence of "the shooting of Keith Dunn by co-defendant Phillip Brown, [and] possession of firearms by co-defendants."
 
 
 9
 On direct appeal, however, we found that this evidence was properly admitted to prove the nature of the conspiracy. Accordingly, Jones has not shown any prejudice resulting from counsel's failure to renew the motion to sever. See Strickland, 466 U.S. at 694.
 
 
 10
 Third, Jones contends that he received ineffective assistance of counsel because his attorney did not argue that he should be sentenced under pre-Guidelines law. According to Jones, the trial testimony of Phillip Brown shows that Jones last possessed cocaine in July or August 1987, and was no longer involved in the conspiracy on November 1, 1987, when the Guidelines took effect.
 
 
 11
 Brown testified that he saw Jones "cooking" rock cocaine about six or seven months before Brown shot Keith Dunn. The shooting took place in January 1988. However, Brown also testified that before he shot Dunn, he and Jones were selling "at least two keys a month" of cocaine. Thus, because Brown's testimony established Jones's ongoing involvement in the conspiracy after November 1, 1987, counsel was not ineffective for failing to argue that Jones should be sentenced under pre-Guidelines law. See Strickland, 466 U.S. at 687.
 
 
 12
 Fourth, Jones contends that he received ineffective assistance of counsel because his attorney failed to argue that the district court should impose a lower base offense level. As discussed above, the record belies this contention; at the sentencing hearing, counsel argued that the evidence warranted only base offense level 24. We affirm the district court's denial of this ineffective assistance claim. See id.
 
 
 13
 Finally, Jones contends that Judge Rafeedie, who presided over his trial and sentencing hearing, rather than Judge Enright, should have heard his Sec. 2255 motion.
 
 
 14
 A Sec. 2255 motion must be "presented promptly to the judge of the district court who presided at the movant's trial and sentenced him...." Rule 4(a), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255. Nonetheless, "[i]f the appropriate judge is unavailable to consider the motion, it shall be presented to another judge of the district...." Id. "[A] judge is unavailable when he or she is no longer on the district court." Gano v. United States, 705 F.2d 1136, 1137 (9th Cir.1983).
 
 
 15
 Judge Rafeedie, of the District Court for the Central District of California, was temporarily assigned to the District Court for the Southern District of California to preside over Jones's trial. When Jones filed his Sec. 2255 motion, however, Judge Rafeedie was no longer on the District Court for the Southern District of California. Accordingly, Jones's contention lacks merit. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jones further contends that (1) he was entitled to a jury instruction on overt acts, (2) the district court should have severed his trial, (3) he should not have been sentenced under the Sentencing Guidelines, (4) his base offense level was too high, (5) he received ineffective assistance of counsel because his attorney did not ensure that the district court file a corrected PSR, and (6) he received ineffective assistance of counsel because his attorney did not request an overt-acts instruction. Jones did not raise these claims in his Sec. 2255 motion, and we decline to consider them on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)