125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Albert ROJAS, Defendant-Appellant.
 Nos. 94-10308, 94-16660.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the District of Nevada, Nos. CR-90-00265-PMP(RJJ), CV-94-00160-PMP, CR-90-00265-PMP; Philip M. Pro, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 George Alberto Rojas, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion. Rojas contends that he was denied effective assistance of counsel at trial. We review de novo a district court's denial of a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1452 (9th Cir.1995). We review a district court's factual findings for clear error and give deference to a trial court's credibility findings. See Gano v. United States, 705 F.2d 1136, 1137 (9th Cir.1983). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 To demonstrate ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. A tactical decision by counsel with which a defendant disagrees cannot form the basis of an ineffective assistance claim. See id.; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 4
 We do not address Rojas' argument that counsel was ineffective for failing to impeach government witness Andy Bayot's credibility by showing that Bayot's testimony may have been influenced by the receipt of government benefits and compensation. We decided this issue on direct appeal, United States v. Rojas, Nos. 92-10057, 92-10058, unpublished memorandum (9th Cir. Jan. 21, 1992). See United States v. Redd, 759 F.2d 699, 701 (9th Cir.1985).
 
 
 5
 Rojas also contends that counsel was ineffective for failing to timely object, or move for a mistrial regarding his co-defendant's testimony that Rojas had previously pled guilty.
 
 
 6
 At the evidentiary hearing, counsel testified that she did not hear Ruiz's statement at the time of the examination, but challenged it the next day. However, she testified that, rather than draw the jury's attention to the matter, in the event the jury had not heard the statement, she made a decision not to seek a curative instruction. Based on this testimony, and counsel's affidavit, the district court determined that counsel made a tactical decision to allow the statement to go to the jury without instruction to prevent any greater harm. Rojas has failed to overcome the presumption that counsel's failure to object was the result of a reasonably competent strategic decision. See Strickland, 466 U.S. at 689; Santos, 741 F.2d at 1169.
 
 
 7
 Rojas next contends that counsel failed to object to false testimony that he possessed the cocaine.
 
 
 8
 A conviction for possession with intent to distribute narcotics may be based on: (1) co-conspirator liability; (2) aiding and abetting; or (3) exercising dominion and control over the contraband. See United States v. Sanchez-Mata, 925 F.2d 1166, 1168 (9th Cir.1991). Aiding and abetting makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy. See id. at 1169. But it is necessary that the defendant in some sort associate himself with the venture, and that he participate in it as in something that he wishes to bring about. See id.
 
 
 9
 Here, absent Ruiz's testimony that Rojas carried the cocaine out of the motel and back to the van, evidence in the record sufficiently supports the conclusion that Rojas aided and abetted in the crime of possession with intent to distribute over one kilogram of cocaine. See Sanchez-Mata, 925 F.2d at 1168. We conclude that Rojas has failed to show prejudice from his counsel's failure to object to Ruiz's testimony. See Strickland, 466 U.S. at 688.
 
 
 10
 Accordingly, the district court did not err by denying Rojas' section 2255 motion, see Sanchez, 50 F.3d at 1452.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3